MADIGAN, *Ex'r*, v. BURNS.

A bequest of " one half of all the rents, profits, and income of all my property," during the life of the legatee, is not limited in amount by a clause of the will declaring it to be the testator's will and request that his property should " be managed in the same manner as heretofore, without division."

No legal uncertainty is shown in such a bequest, and its construction is not affected by an equal division, made for several years by the testator and the legatee, of the income and proceeds of an estate which belonged to them, the legatee's share of that estate being less than one half, and that share not being set out and assigned to him.

BILL IN EQUITY, to establish the construction of the will of Mary S. Madigan, of which the plaintiff is executor, and by which the testatrix gave to her mother, Nancy Burns, the defendant, " one half of all the rents, profits, and income of all my property, both real, personal, and mixed, during her natural life," and declared it to be her will and request that her property should " be managed in the same manner as heretofore, without division."

Subject to exception, the plaintiff introduced evidence tending to show, among other things, that the defendant is the widow of Patrick H. Burns, deceased, intestate ; that the testatrix was his administratrix, and only child; that, in pursuance of an agreement between the testatrix and the defendant, the defendant's dower, homestead, and distributive share of Patrick's estate were not assigned to her, and that estate was not settled in the probate court, but the income of the whole estate, and the proceeds of such parts of it as were sold, were equally divided between them as long as the testatrix lived. The plaintiff claims that the defendant is not entitled to dower, homestead, and distributive share of Patrick's estate, in addition to one half of the income of all the testatrix's property for life. The circuit

court found that, in fact, the defendant had not waived or released her original rights in Patrick's estate, nor agreed to waive or release them, and held that she is entitled to one half of all the rents, profits, and income of all the testatrix's property for life, as well as dower, homestead, and distributive share of the estate of Patrick; and the plaintiff excepted.

*Hobbs*, for the plaintiff.

*J. G. Hall* and *Woodman*, for the defendant.

SAWYER, J.   The clause concerning the management of the property "in the same manner as heretofore, without division," relates to the method of management, and not to the amount of the defendant's legacy.   There is no uncertainty of person or property.   The bequest is to the defendant, of one half of the income of all the testatrix's property during the defendant's life.   The extrinsic evidence is incompetent.   It shows no legal uncertainty in the will.

The parties submitted the question, whether the defendant is entitled to dower, homestead, and distributive share of her husband's estate.   The plaintiff claims that the defendant is estopped to claim either.   The decision of fact by the circuit court is not subject to exception, and there was no error in law.

*Exceptions overruled.*

STANLEY, J., did not sit.